COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-214-CR

JEREMIAH STEVENSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jeremiah Stevenson entered an open plea of guilty to the charge of aggravated robbery with a deadly weapon.
(footnote: 2)  A jury assessed punishment at fourteen years’ confinement, and the trial court sentenced Stevenson accordingly.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 3) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief and referencing any grounds that might arguably support the appeal.
(footnote: 4)  Stevenson has also filed a pro se brief, arguing that the trial court erred by admitting hearsay evidence.

As the reviewing court, we must conduct an independent evaluation of the record to determine 
whether counsel is correct in determining that the appeal is frivolous.
(footnote: 5)  Only then may we grant counsel’s motion to withdraw.
(footnote: 6)  Because Stevenson entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Stevenson’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 7)
 We have carefully reviewed the record, counsel’s brief, and appellant’s pro se brief.  We agree with counsel that this appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.
(footnote: 8)  We therefore grant counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 28, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Stevenson initially pled “not guilty” to the charged offense, and the case went to trial.  During the State’s case-in-chief, Stevenson changed his plea of “not guilty” to a nonnegotiated plea of “guilty.”  
For purposes of determining the scope of our independent review, we therefore treat Stevenson’s plea as an open plea of guilty.  
See
 
Lewis v. State
, 911 S.W.2d 1, 4–5 (Tex. Crim. App. 1995) (“A nonnegotiated guilty plea is conclusive as to the defendant’s guilt and waives all nonjurisdictional defects occurring prior to the guilty plea.
”).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967).

4:
See Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

5:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.

6:
See Penson v. Ohio
, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

7:
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State
, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

8:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).